[No. 13942–8–I.   Division One.   July 30, 1986.]

BOBBY MILLS, *as Personal Representative,* ET AL, *Plaintiffs,* v. THE ESTATE OF KENDALL SCHWARTZ, ET AL, *Appellants,* THE UPS AND DOWNS CORPORATION, *Respondent.*

*James M. Beecher* and *Hackett, Beecher, Hart, Branom, Vavrichek & Drury,* for appellants.

*David Riley, Williams, Novack & Hansen,* and *Ronald L. Castleberry,* for respondent.

SWANSON, J.—The Estate of Kendall Schwartz (the Estate) appeals the Superior Court's summary judgment order dismissing its third party complaint for indemnity[1] or contribution against the Ups and Downs Corporation in the wrongful death action against the Estate brought by Bobby Mills, personal representative of the Estate of Teresa Ann Mills. The Estate claims error in the entry of summary judgment based upon its alleged failure to state a claim upon which relief can be granted since, according to the Estate, Ups and Downs was negligent per se in permitting Schwartz, a minor, to consume alcohol on its premises in violation of RCW 66.44.270. We affirm.

In reviewing a dismissal of a complaint by summary judgment, the court must accept as verities the plaintiff's allegations, claims, and offers of proof. *Young v. Caravan Corp.,* 99 Wn.2d 655, 657, 663 P.2d 834 (1983). The allegations of the third party plaintiff, the Estate, are as follows.

On the evening of December 24, 1979, Diane Minnie, then manager of an Ups and Downs clothing store in Lynnwood, Washington, held a party at her home. Among the approximately 20 guests were 17–year–old Mills, a store employee, and her boyfriend, 16–year–old Kendall Schwartz. Neither Minnie nor Ups and Downs provided any alcoholic beverages at what was designated to be a "B.Y.O.B." affair; however, the Estate alleges that Ups and Downs invited and encouraged Mills and Schwartz to consume liquor at the party. At the time of the party, Minnie

---

[1]We note that subject to narrow limitations not pertinent here, the common law right of indemnity between active and passive tortfeasors has been abolished, RCW 4.22.040(3). *Zamora v. Mobil Oil Corp.,* 104 Wn.2d 211, 219, 704 P.2d 591 (1985).

did not know the ages of any of the guests.

Mills and Schwartz arrived at the party between 9:45 and 10 p.m., apparently with some beer. Minnie did not notice how they had traveled to the party or whether they consumed any alcohol but later learned that Mills had one beer. Schwartz drank two or three beers at the party and exhibited no signs of intoxication. Rather, he performed magic tricks requiring a significant amount of manual dexterity midway through the evening, played the guitar for other guests, and was overheard talking on the telephone without slurred words or other signs of intoxication.

Later in the evening the couple left Minnie's house and drove off in Schwartz's car. About 200 yards from Minnie's home, Schwartz allegedly drove through a stop sign, and his car collided with a police car that was responding to an emergency call. Both Schwartz and Mills died from injuries received in the collision. A blood test revealed that Schwartz had a blood alcohol level of .11 percent at the time of the accident.

The personal representative of Mills' estate and Mills' parents brought a wrongful death action against Schwartz's estate and his parents, alleging that the accident that claimed Mills' life was proximately caused by Schwartz's negligent operation of his car. The Estate of Kendall Schwartz filed a third party complaint for contribution against Ups and Downs, alleging that a proximate cause of the fatal accident was Ups and Downs' unlawfully permitting Schwartz to consume intoxicants at its employees' Christmas party.[2] The trial court granted Ups and Downs' motion for summary judgment dismissing the third party complaint, and this appeal followed.

In this review of a third party complaint's dismissal by summary judgment, the question is whether the third party

---

[2]Bobby Mills, as personal representative of the Estate of Teresa Ann Mills, and the Estate of Kendall Schwartz, et al, subsequently entered into a settlement agreement in this action. The agreement expressly preserved the right of the Schwartzes' insurance carrier on behalf of the third party plaintiffs Schwartz to seek reimbursement from the third party defendant, Ups and Downs Corporation.

plaintiff's allegations and claims, if proved at trial, would entitle the Estate to contribution from Ups and Downs, the third party defendants. *Torres v. Salty Sea Days, Inc.,* 36 Wn. App. 668, 670, 676 P.2d 512, *review denied,* 101 Wn.2d 1008 (1984). The Estate argues that Ups and Downs' violation of RCW 66.44.270 by permitting Schwartz to consume alcohol on premises under its control constituted negligence per se and was a proximate cause of Mills' death so that the Estate is entitled to contribution from Ups and Downs for its liability for Mills' death. The Estate's argument fails, for we conclude that Ups and Downs could not be liable for Mills' death on a negligence per se theory for purposes of the Estate's contribution claim.

RCW 66.44.270 provides in part:

> Except in the case of liquor given or permitted to be given to a person under the age of twenty–one years by his parent or guardian for beverage or medicinal purposes, or administered to him by his physician or dentist for medicinal purposes, no person shall give, or otherwise supply liquor to any person under the age of twenty–one years, or permit any person under that age to consume liquor on his premises or on any premises under his control. It is unlawful for any person under the age of twenty–one years to acquire or have in his possession or consume any liquor except as in this section provided . . .

The Washington Supreme Court has held that the violation of statutes prohibiting the sale of alcohol to minors, which include RCW 66.44.270, constitutes negligence per se.[3] Further, our Supreme Court has held that a minor's alcohol purchase or consumption in violation of RCW 66.44.270, which proscribes a minor from acquiring, pos-

[3]The Legislature recently abolished negligence per se except where a statute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug has been violated. In all other cases, a breach of a duty imposed by a statute, ordinance, or administration rule shall not be considered negligence per se but may be considered as evidence of negligence. Laws of 1986, ch. 305, § 901, p. 1365. This law applies to all actions filed on or after August 1, 1986. Laws of 1986, ch. 305, § 910, p. 1367.

sessing, or consuming liquor, is contributory negligence as a matter of law.[4] *Young v. Caravan Corp., supra* at 660–62; *Torres v. Salty Sea Days, Inc., supra* at 670–71. The issue here is whether a decedent minor driver's estate has a right to contribution from a third party that permitted the minor driver to consume alcohol on its premises in violation of RCW 66.44.270 where the minor driver's estate is liable for a passenger's death based upon the driver's allegedly negligent operation of a car.[5]

Under the negligence per se doctrine, a court will substitute a statutory standard of conduct for the less restrictive common law standard of reasonableness even though a statute does not explicitly apply to a private suit. Before applying the doctrine, however, a court must undertake a 2–part analysis. First, the court must determine whether the purpose underlying the statute at issue was violated; second, if the court determines that the statutory purpose was violated, it must then decide, as a policy matter, whether it will apply the statutory standard to the case at bar. *Mina v. Boise Cascade Corp.,* 104 Wn.2d 696, 703–04, 710 P.2d 184 (1985).

██ Restatement (Second) of Torts §286 (1965) provides the framework for analyzing both parts of the 2–part inquiry. *Mina,* at 704. The Restatement test for determin-

---

[4]The Washington Supreme Court recently exempted 6– to 16–year–old minors from the operation of the negligence per se doctrine. The court held that such a minor's violation of a relevant statute does not constitute negligence per se but may be considered as evidence of negligence only if the trier of fact finds that a reasonable child of the same age, intelligence, maturity and experience would not have acted in violation of the statute under the same circumstances.

The court further held that its ruling would apply prospectively except that the rule would apply to any case already tried where the issue of the doctrine's application to a minor was preserved for appeal. *Bauman v. Crawford,* 104 Wn.2d 241, 244, 247–49, 704 P.2d 1181 (1985).

[5]While we use the term "minors" in discussing the application of RCW 66.44-.270, as the relevant Washington cases do, we note that the proscriptions under RCW 66.44.270 apply to persons under 21 years old while the age of majority is 18, RCW 26.28.010; *Burt v. Ross,* 43 Wn. App. 129, 131–32, 715 P.2d 538 (1986). Schwartz was a minor at the time of the accident.

ing whether a statutory violation constitutes negligence per se is whether the violated statute or ordinance

> is designed to (a) protect a class of persons which includes the person whose interest is invaded, (b) protect the particular interest which is invaded, (c) protect against the kind of harm which resulted, and (d) protect that interest against the particular hazard from which the harm results.

*Bauman v. Crawford,* 104 Wn.2d 241, 245, 704 P.2d 1181 (1985).

In the only known Washington case addressing the negligence per se issue in relation to RCW 66.44.270's proscription against permitting a minor's alcohol consumption on premises under a party's control, the appellate court found that under the circumstances of the case, Pierce County as property owner lacked sufficient control over the activities in the public park to warrant a finding that it "permitted" the minor tortfeasor to consume liquor on its premises. *Hostetler v. Ward,* 41 Wn. App. 343, 354, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986). The *Hostetler* court stated that in any event since RCW 66.44.270 is designed to protect minors from injuries resulting from their abuse of alcohol, not third parties injured by intoxicated minors, the plaintiff was not a member of the protected class under RCW 66.44.270 so that the County's alleged RCW 66.44.270 violation would not be actionable by the appellant on negligence per se grounds. *Hostetler,* at 354–55.

Citing *Hulse v. Driver,* 11 Wn. App. 509, 513, 524 P.2d 255, *review denied,* 84 Wn.2d 1011 (1974), the *Hostetler* court stated in dicta that it concurred with Division Three that a violation of a criminal statute such as RCW 66.44-.270 does not by itself impose civil liability upon the violator.[6] In the absence of an actionable negligence per se

---

[6] The court in *Hulse v. Driver,* 11 Wn. App. 509, 512–14, 524 P.2d 255, *review denied,* 84 Wn.2d 1011 (1974) held that furnishing liquor to an able-bodied minor in a social setting in violation of RCW 66.44.270 was not negligence per se. *Cf. Young v. Caravan Corp.,* 99 Wn.2d 655, 660, 663 P.2d 834 (1983) ("the violation

claim based upon an RCW 66.44.270 violation, the *Hostetler* court, citing *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 762–63, 458 P.2d 897 (1969) and *Wilson v. Steinbach,* 98 Wn.2d 434, 438, 656 P.2d 1030 (1982), held that permitting an able–bodied minor to consume liquor on one's premises is not actionable negligence as a matter of law. *Hostetler,* at 355.

The instant case is unlike *Hostetler* in that since a dismissal by summary judgment is being reviewed here, the plaintiff's allegation that Ups and Downs permitted Schwartz to consume liquor at its employees' Christmas party must be accepted as a verity. *Young v. Caravan Corp., supra* at 657. Further, while *Hostetler* involved a direct action against the County by the plaintiff on negligence per se grounds for his injuries caused by an intoxicated minor driver who consumed liquor on the County's premises, here the decedent minor driver's estate seeks contribution from Ups and Downs for damages paid to Mills' estate based upon a negligence per se theory stemming from the driver's own consumption of alcohol on premises under Ups and Downs' control, with its permission.

▪ However, we agree with the *Hostetler* court that RCW 66.44.270 does not protect third persons injured by intoxicated minors; rather, the statute protects minors from injuries to themselves stemming from their alcohol consumption.[7] *Hostetler,* at 354. Our Supreme Court has

---

of statutes prohibiting the sale of alcohol to minors constitutes negligence per se").

Although the *Young* court, which addressed questions of both common law negligence and negligence per se, expressly stated that the issue before it involved the "illegal furnishing of liquor to a minor by a *commercial vendor*" (italics ours), *Young,* at 657, recently the plurality opinion in *Dickinson v. Edwards,* 105 Wn.2d 457, 466, 716 P.2d 814 (1986), citing *Halligan v. Pupo,* 37 Wn. App. 84, 88–89, 678 P.2d 1295 (1984), recognized the common law negligence liability of a nonsocial "furnisher" of alcohol, *i.e.,* one other than a social host who has the authority to deny the service of alcohol to an obviously intoxicated person. Expressly reserved was the question of the potential liability of social hosts.

[7]Division Two in *Hostetler v. Ward,* 41 Wn. App. 343, 355 n.9, 704 P.2d 1193

stated, "Clearly, these statutes [including RCW 66.44.270] were designed to protect minors from their inability to handle the consumption of alcoholic beverages."[8] *Young v. Caravan Corp., supra* at 662. *Cf. Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 485 P.2d 18, 21, 53 A.L.R.3d 1276 (1971) (statute proscribing making liquor available to a minor is designed to protect minors from drinking alcoholic beverages, not to protect third persons injured by inebriated minors), *cited in Hulse v. Driver, supra* at 513 n.3. The *Hostetler* court stated that the fact that RCW 66.44.270 does not prohibit giving or permitting a minor to consume liquor if the minor's parent or guardian consents indicates that the statute was not designed to protect third persons. *Hostetler v. Ward, supra* at 354–55.

Where, as here, no material factual issue has been raised, the appellate court reviewing a summary judgment order must determine whether the moving party is entitled to a judgment as a matter of law. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

Under RCW 4.22.040(1)[9] a right of contribution exists only where two or more persons are jointly and severally liable upon the same indivisible claim for the same injury or death. If a party is not liable for a particular injury or death, there can be no joint and several liability

---

(1985), *review denied,* 106 Wn.2d 1004 (1986) noted that Division One had permitted a third party passenger to maintain a negligence per se action for damages against a tavern keeper where the minor driver had consumed liquor on the premises, *Baughn v. Malone,* 33 Wn. App. 592, 656 P.2d 1118 (1983). In *Baughn* the question of whether the plaintiff was a member of the protected class under the relevant statutes was not raised and was not addressed by the court.

[8]The court in *Young v. Caravan Corp., supra* at 660, noted that the Legislature established minors as a protected class under the Washington State liquor act, RCW Title 66, in the belief that persons under 21 years old are neither physically nor mentally equipped to handle the consumption of intoxicating liquor.

[9]Since no trial on the underlying action took place prior to July 26, 1981, RCW 4.22.040 has retroactive effect in the instant case, *see* RCW 4.22.920. *Smith v. Jackson,* 106 Wn.2d 298, 300, 721 P.2d 508 (1986).

between that party and any other parties that may be liable and there can be no right of contribution from that party. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 886–87, 652 P.2d 948 (1982); *Bunce Rental, Inc. v. Clark Equip. Co.,* 42 Wn. App. 644, 647, 713 P.2d 128 (1986).

Since third persons injured by inebriated minors are not the protected class under RCW 66.44.270, Mills is not a member of the protected class for purposes of the Estate's contribution claim against Ups and Downs. Thus Ups and Downs could not be liable for Mills' death on a negligence per se theory based upon its alleged violation of RCW 66.44.270 in permitting Schwartz to consume alcohol on premises under its control. *Hostetler v. Ward, supra* at 354–55. Since no joint and several liability could exist between Ups and Downs and the Estate, the Estate has failed to state a claim for contribution from Ups and Downs upon which relief can be granted to preclude summary judgment. *Glass v. Stahl Specialty Co., supra; Bunce Rental, Inc. v. Clark Equip. Co., supra.* Ups and Downs is entitled to a judgment as a matter of law. *Hartley v. State, supra.*

In light of our determination, we do not address Ups and Downs' argument that a negligence per se action involving the furnishing of alcohol to a minor is limited to a statutory violation that occurs in a commercial context.

Moreover, *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983), upon which the Estate relies, is inapposite. The *Congini* court found that the statute at issue, unlike RCW 66.44.270, was designed to protect both minors and the public at large from the "perceived deleterious effects of serving alcohol" to minors so that the defendants were negligent per se in serving alcohol to the point of intoxication to a minor and could be held liable for injuries proximately resulting from the minor's intoxication. The circumstances in *Congini* are distinguishable from those of the instant case.

The judgment below is affirmed.

COLEMAN, J., and REVELLE, J. Pro Tem., concur.

Review denied by Supreme Court October 29, 1986.