[No. 64311-3. En Banc.]

Argued November 19, 1996. Decided February 26, 1998.

JOEL A.E. CROWE, *Appellant*, v. KENNETH GASTON, ET AL., *Respondents*.

510

*Anthony J. Lowe*, for appellant.

*Bullivant, Houser, Bailey, Pendergrass & Hoffman*, by *Douglas F. Foley* and *R. Daniel Lindahl*; *Thorsrud, Cane & Paulich, Inc., P.S.*, by *Russell C. Love*; and *Hoffman Hart & Wagner*, by *James P. Murphy*, for respondents.

*Bryan P. Harnetiaux, Gary N. Bloom*, and *Debra L. Stephens* on behalf of Washington State Trial Lawyers Association, amicus curiae.

MADSEN, J. — Joel Crowe seeks review of a trial court or-

der granting defendants Oscar's and Kevin Rettenmeier's motions for summary judgment. At issue is whether Oscar's can be liable for alcohol-related injuries to Crowe when Oscar's sold alcohol to a minor who shared it with another minor who then injured Crowe. We find that Oscar's can be held liable and reverse the trial court's order granting Oscar's motion for summary judgment.

Also at issue is whether Kevin Rettenmeier, the minor who bought the alcohol, can be found liable for Crowe's injuries for supplying alcohol to the minor who then injured Crowe. We conclude that he cannot and affirm the trial court's order granting Rettenmeier's motion for summary judgment.

## STATEMENT OF THE CASE

On February 11, 1994, Kevin Rettenmeier, age 17, met Joe Schweigert and two of Schweigert's friends, Brad Rosenquist and Adam Fitzpatrick, all of whom were under 21, and agreed to buy them beer. They all proceeded to Oscar's, Rettenmeier traveling in a separate car. When they arrived, Schweigert and his friends gave money to Rettenmeier, who then entered the store and purchased beer while the others stayed in their car out of sight. It is not clear from the record how much beer was purchased. Rettenmeier purchased either 24, 12-ounce cans plus two 40-ounce bottles, or 12, 12-ounce cans, or four to possibly seven 40-ounce bottles of beer. Rettenmeier gave all the beer he purchased to Schweigert and his friends.

Afterward, the group decided to go over to the house of another acquaintance, Steve Dean. At Dean's house they were joined by Joel Crowe and others. The group drank beer and played pool; however, Crowe claims he did not drink any beer. Later that evening, Crowe accepted a ride home by an intoxicated Fitzpatrick. During the ride, Fitzpatrick drove off the road and hit a tree, causing injuries to Crowe.

Crowe sued Oscar's and Rettenmeier, among others, for damages. Crowe claimed that Oscar's and Rettenmeier were liable for his injuries because they had furnished the alcohol that caused Fitzpatrick's intoxication. The trial court granted Oscar's and Rettenmeier's motions for summary judgment. Crowe appealed the trial court's order to the Court of Appeals. This court granted the Appellant's motion to transfer the case from the Court of Appeals.

## STANDARD OF REVIEW

An appellate court engages in the same review as the trial court when reviewing a summary judgment order. *Reynolds v. Hicks*, 134 Wn.2d 491, 495, 951 P.2d 761 (1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If, after considering the evidence in the light most favorable to the nonmoving party, reasonable minds could come to but one conclusion, then the motion for summary judgment will be granted. *Id.*

## VENDOR LIABILITY

The issue presented in this case is whether Oscar's, a commercial vendor, can be liable for injuries to Crowe which resulted from Oscar's illegal sale of alcohol to Kevin Rettenmeier. Crowe bases his claim of negligence on Oscar's violation of RCW 66.44.320[1] and RCW 66.44.270,[2] which prohibit the sale of alcohol to anyone under the age of 21.

In order to prove an actionable claim for negligence, Crowe must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury. *See Reynolds*, 134 Wn.2d at 495. Oscar's argument in this case is two-

---

[1]RCW 66.44.320 provides: "[e]very person who shall sell any intoxicating liquor to any minor shall be guilty of a violation of Title 66 RCW."

[2]RCW 66.44.270(1) provides: "[i]t is unlawful for any person to sell . . . liquor to any person under the age of twenty-one . . . ."

fold. First Oscar's contends that it did not owe a duty of care to Crowe. Second, Oscar's asserts that, even if it owed a duty of care to Crowe, it was not the legal cause of Crowe's injuries.

## A. Duty of Care

We turn first to whether Oscar's owed a duty of care to Crowe. The existence of a legal duty is a question of law. *Schooley v. Pinch's Deli Market, Inc.*, 134 Wn.2d 468, 474, 951 P.2d 749 (1998). Washington courts have recognized that a legislative enactment may prescribe a standard of conduct required of a reasonable person that when breached may be introduced to the trier of fact as evidence of negligence. *Id.* at 474; *Purchase v. Meyer*, 108 Wn.2d 220, 737 P.2d 661 (1987). To determine whether a defendant owes a duty of care to a complaining party based upon a statutory violation, this court has adopted the RESTATEMENT (SECOND) OF TORTS § 286[3] which, among other things, requires the injured person to be within the class of persons the statute was enacted to protect. *Schooley*, 134 Wn.2d at 474-75. Oscar's argues that this prong of the Restatement test is not satisfied.

Citing our decisions in *Young* and *Purchase*, Oscar's contends that Crowe is not a member of the protected class because only minor purchasers and third persons injured by the minor purchaser are protected by the statutes in question. *See Young v. Caravan Corp.*, 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983) (a minor purchaser's estate had an action in negligence for the minor's alcohol-related

---

[3]RESTATEMENT (SECOND) OF TORTS § 286 (1965) provides:

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment . . . whose purpose is found to be exclusively or in part

"(a) to protect a class of persons which includes the one whose interest is invaded, and

"(b) to protect the particular interest which is invaded, and

"(c) to protect that interest against the kind of harm which has resulted, and

"(d) to protect that interest against the particular hazard from which the harm results."

death against the tavern owner who sold alcohol to the minor); *Purchase*, 108 Wn.2d 220 (a third person injured by an intoxicated minor purchaser had a cause of action against the tavern owner who sold alcohol to the minor). However, in our recent decision in *Schooley*, we found the protected class was not so limited.

In that case, Lori Schooley became intoxicated from alcohol obtained from another minor purchaser and injured herself. *Schooley*, 134 Wn.2d at 472. The alcohol vendor in *Schooley* made a similar argument which we rejected, finding the protected class extends to injuries which result when a minor purchaser shares the alcohol with other minors. *Id.* at 476. We noted that this court in *Purchase* emphasized that vendors owed a duty not only to the minor purchaser but " 'to members of the general public as well.' " *Id.* at 476 (quoting *Purchase*, 108 Wn.2d at 228). In light of the purpose of the legislation, which is to prevent against the hazard of " 'alcohol in the hands of minors,' " we found it was arbitrary to draw a distinction between third persons injured by the intoxicated minor purchaser and those injured as a result of the minor purchaser sharing the alcohol with other minors. *Id.* at 476 (quoting *Hansen v. Friend*, 118 Wn.2d 476, 481-82, 824 P.2d 483 (1992)). We found this distinction especially illogical when faced with the fact that minors who drink commonly do so with other minors. *Id.* at 476. "[P]rotecting all those injured as a result of the illegal sale of alcohol to minors is the best way to serve the purpose for which the legislation was created, to prevent minors from drinking." *Id.*

In this case, similar to the situation in *Schooley*, Kevin Rettenmeier purchased alcohol which he gave to a number of other minors. One of those minors then drove while intoxicated causing injuries to Crowe. Thus, we find that Crowe is part of the protected class.

The alcohol vendor, of course, is responsible only for the foreseeable consequences of his actions. *Id.* at 477; *see also Burkhart v. Harrod*, 110 Wn.2d 381, 395, 755 P.2d 759

(1988). In this way, foreseeability serves to limit the scope of the duty owed by the alcohol vendor to Crowe. *See Schooley,* 134 Wn.2d at 477. Whether or not it was foreseeable that the minor purchaser would share the alcohol with others resulting in the injury to Crowe is a question of fact for the jury. *See id.* at 477. The trier of fact may consider the amount and character of the alcohol purchased, the time of day, the presence of other minors on the premises or in a vehicle, and statements made by the purchaser to determine whether it was foreseeable the alcohol would be shared with others. *Id.*

Oscar's asks this court to find, as a matter of law, that the circumstances of the sale of beer to Rettenmeier could not put the seller on notice that the beer would be shared with others and that they would then drive while intoxicated. We will decide issues of foreseeability as a matter of law only where reasonable minds cannot differ. *Schooley,* 134 Wn.2d at 477. Based on the facts of this case, however, we decline to find that Crowe's injuries were not foreseeable.

First, in *Schooley* we determined that reasonable minds could conclude that a minor purchasing substantial quantities of alcohol would share it with other minors. *Id.* at 477. Second, and more important, there is a genuine issue of material fact in this case concerning how much beer was actually purchased. Thus, it is for the trier of fact to determine how much beer was actually purchased and if the amount purchased would indicate that it would be shared with others.

Additionally, we find that reasonable minds could conclude that minors who obtain alcohol from another minor purchaser would then drive while intoxicated. The question is whether " ' "[t]he harm sustained [is] reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant." ' " (Quoting *Hansen,* 118 Wn.2d at 484). *Id.* at 478. We have previously recognized that the general harm encompassed by this duty is that of alcohol-induced driver error. *Christen*

*v. Lee,* 113 Wn.2d 479, 495, 780 P.2d 1307 (1989). In fact, a minor is guilty of driving under the influence in Washington if the minor has a breath test reading of .02 grams of alcohol per 210 liters of breath. RCW 46.61.503, .506. This standard is one-fifth that of adults. *See* RCW 46.61.502. It follows that the Legislature was particularly concerned about the danger of minors driving while intoxicated. Thus, we leave the question of whether Crowe's injuries were foreseeable to the jury.

B. Legal Causation

■■ ■■ Next, Oscar's argues that it was not the legal cause of Crowe's injuries. Legal causation is one of the elements of proximate causation and is grounded in policy determinations as to how far the consequences of a defendant's acts should extend. *Schooley,* 134 Wn.2d at 478-79. A determination of legal liability will depend upon " ' "mixed considerations of logic, common sense, justice, policy, and precedent." ' " *Id.* at 479 (quoting *King v. City of Seattle,* 84 Wn.2d 239, 250, 525 P.2d 228 (1974)). Where the facts are not in dispute, legal causation is for the court to decide as a matter of law.

■■ As the petitioner did in *Schooley,* Oscar's argues that Crowe's injuries are too remote from the initial sale and that legal consequences of the sale cannot extend that far. *See Schooley,* 134 Wn.2d at 481. Oscar's bases this argument solely on the policy concern of unlimited liability. In *Schooley,* however, we found this argument unpersuasive noting that other legal principles such as foreseeability, superseding causation, and contributory negligence serve to dispel these fears. *Id.* at 481-82. We found that the policies behind legislation prohibiting the sale of alcohol to minors outweighed Petitioner's concerns. *Id.* at 480-83.

This is especially so where the duty involved is not onerous. The alcohol vendor is simply required to check the buyer's identification. Additionally, if, after the purchaser presents identification, the vendor still has doubts about the purchaser's age the vendor can fill out and have the purchaser sign a certification card complying with RCW

66.20.190. If the vendor completes this step the vendor is immune from any criminal or civil liability regarding the sale of alcohol to the minor. RCW 66.20.210; *see also Schooley*, 134 Wn.2d at 481.

In this case we find the injuries to Crowe are not so remote as to preclude liability. The policy consideration behind the legislation prohibiting vendors from selling alcohol to minors are best served by holding vendors liable for the foreseeable consequences of the illegal sale of alcohol to minors. Thus, we conclude that legal cause is satisfied in this case.

C. Superseding Causation

 Finally, Oscar's argues that the intervening intentional misconduct of Rettenmeier, the minor purchaser, and Fitzpatrick, the driver, serve to break the chain of causation in this case. A finding of proximate causation is premised upon the proof of cause in fact, as well as the legal determination that liability should attach. *Maltman v. Sauer*, 84 Wn.2d 975, 981, 530 P.2d 254 (1975). Cause in fact requires proof that " 'there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff.' " *Id.* (quoting *Rikstad v. Holmberg*, 76 Wn.2d 265, 268, 456 P.2d 355 (1969)). A defendant's negligence is the cause of the plaintiff's injury only if such negligence, unbroken by any new independent cause, produces the injury complained of. *Id.* at 982. Where an intervening act does break the chain of causation, it is referred to as a "superseding cause." *Id.*

 " 'Whether an act may be considered a superseding cause sufficient to relieve a defendant of liability depends on whether the intervening act can reasonably be foreseen by the defendant; only intervening acts which are not reasonably foreseeable are deemed superseding causes.' " *Cramer v. Department of Highways*, 73 Wn. App. 516, 520, 870 P.2d 999 (1994) (quoting *Anderson v. Dreis & Krump Mfg. Corp.*, 48 Wn. App. 432, 442, 739 P.2d 1177 (1987)). An intervening act is not foreseeable if it is " 'so highly extraordinary or improbable as to be wholly beyond

the range of expectability.' " *Christen*, 113 Wn.2d at 492 (quoting *McLeod v. Grant County Sch. Dist. No. 128*, 42 Wn.2d 316, 323, 255 P.2d 360 (1953)). The foreseeability of an intervening act, unlike the determination of legal cause in general, is ordinarily a question of fact for the jury. *Cramer*, 73 Wn. App. at 521. Thus, in this case it is for the jury to decide whether the acts of Rettenmeier and Fitzpatrick break the chain of causation, thus relieving Oscar's from liability.

## SOCIAL HOST LIABILITY

Crowe also asserts that Rettenmeier is liable for his injuries because Rettenmeier breached a duty owed to Crowe when he supplied beer to Fitzpatrick. Crowe's claims concern the duties of a social host rather than a commercial vendor of alcohol. The issue presented in this case is whether a social host, Rettenmeier, who furnishes alcohol to a minor, Fitzpatrick, owes a duty of care to a third person, Crowe, injured by the intoxicated minor.

 Plaintiff contends that RCW 66.44.270(1) creates a duty of care owed by Rettenmeier to Crowe. RCW 66.44.270(1) makes it unlawful for any person to "give, or otherwise supply liquor to any person under the age of twenty-one years . . . ." This court has recognized that a minor who is injured as a result of alcohol intoxication has a cause of action against the social host who supplied the alcohol based on a violation of RCW 66.44.270(1). *See Hansen*, 118 Wn.2d 476. However, in *Reynolds*, we recently held that social host liability based on RCW 66.44.270(1) does not extend to injuries to third persons. *See Reynolds*, 134 Wn.2d at 501.

In *Reynolds,* we emphasized our reluctance to hold social hosts liable to the same extent as commercial vendors. " 'Social hosts are not as capable of handling the responsibilities of monitoring their guests' alcohol consumption as are their commercial and quasi-commercial counterparts. . . . "[T]he commercial proprietor has a proprietary interest and profit motive, and should be expected to

exercise greater supervision than in the (non-commercial) social setting." ' " *Id.* at 497 (alteration in original) (quoting *Burkhart v. Harrod*, 110 Wn.2d 381, 386-87, 755 P.2d 759 (1988)).

Additionally, we found that RCW 66.44.270 was enacted to protect minors from injuries resulting from their own abuse of alcohol, not to protect third parties injured by intoxicated minors. *Reynolds*, 134 Wn.2d 499. We explained that RCW 66.44.270(1) does not make it unlawful for the minor's parent or guardian to give alcohol to the minor if consumed in the presence of the parent or guardian, indicating that the statute was not designed for the protection of third persons. *Reynolds*, 134 Wn.2d at 499-500; *see also Mills v. Estate of Schwartz*, 44 Wn. App. 578, 584, 722 P.2d 1363 (1986) (finding that the Legislature, by allowing minors to drink alcohol if furnished by the minor's parent, did not intend to protect third persons); *Hostetler v. Ward*, 41 Wn. App. 343, 354, 704 P.2d 1193 (1985) (based on the exception to the statute, the court found that RCW 66.44.270 was designed to protect minors, not third persons, from injury). We noted in *Reynolds* that expanding the protected class to include injured third persons would "lead to an illogical result whereby a person who did not violate RCW 66.44.270 would then be liable in negligence pursuant to the same statute." *Reynolds*, 134 Wn.2d at 500. We concluded that RCW 66.44.270(1) was not enacted to protect third persons injured by an intoxicated minor. *Id.* at 500.

We also noted that the Legislature provided alcohol vendors with a means by which they can immunize themselves from civil liability for alcohol-related injuries resulting from the sale of alcohol to a minor, but did not provide the same protection for social hosts. *Id.* at 499; RCW 66.20.210.[4] This distinction, we stated, evinced an intent by the Legislature that commercial vendors would be held liable to a greater extent than social hosts.

---

[4]If, after a purchaser presents identification, the vendor still has doubts about the purchaser's age the vendor can fill out and have the purchaser sign a certification card complying with RCW 66.20.190. If the vendor completes this step the

Thus, in the present case, Rettenmeier owed no duty of care to Crowe.

## CONCLUSION

We reverse the trial court's order granting Oscar's motion for summary judgment and affirm the trial court's order granting Rettenmeier's motion for summary judgment.

GUY and ALEXANDER, JJ., concur.

DURHAM, C.J. (concurring) — I agree with the majority that a commercial vendor's duty to refrain from selling alcohol to minors extends to all minors and third parties who are foreseeably injured as a result. I also agree that, as a gratuitous furnisher of alcohol, Rettenmeier should not be liable for injuries to third parties caused by the minor to whom he furnished alcohol. However, I would do so for the reasons expressed in my concurrence in *Reynolds v. Hicks*, 134 Wn.2d 491, 503, 951 P.2d 761 (1998) (Durham, C.J., concurring).

DOLLIVER, J., concurs with DURHAM, C.J.

JOHNSON, J. (concurring in part, dissenting in part) — For the reasons articulated in my dissent in *Reynolds v. Hicks*, 134 Wn.2d 491, 951 P.2d 761 (1998); (Johnson, J., dissenting), I must reaffirm my position and concur in part and dissent in part. The facts of the present case involve a commercial alcohol vendor who sells alcohol to a minor, who transfers alcohol to another minor, who becomes intoxicated and injures another person. In this single case we are confronted with commercial alcohol vendor liability, the issue in *Schooley v. Pinch's Deli Market*, 134 Wn.2d 468, 951 P.2d 749 (1998), and social host liability, the issue in *Reynolds*.

The majority's position that commercial alcohol vendors

vendor is immune from any criminal or civil liability regarding the sale of alcohol to the minor. RCW 66.20.210.

are liable when they illegally sell alcohol to minors is consistent with our decision in *Schooley*; however, the majority continues to justify the illegal conduct of providing alcohol to minors when the person providing the alcohol is a social host. I have clearly stated my position on this issue in my dissent in *Reynolds* and in *State v. Hansen*, 118 Wn.2d 476, 824 P.2d 483 (1992). Under RCW 66.44.270(1), social hosts have a duty of care and may be found liable in negligence when an injury is caused by breach of this duty.

SMITH and TALMADGE, JJ., concur with JOHNSON, J.

SANDERS, J. (concurring in part, dissenting in part) — I would affirm the trial court's dismissal of claims against Oscar's for the reasons set forth in my dissenting opinion in *Schooley v. Pinch's Deli Market, Inc.*, 134 Wn.2d 468, 483, 951 P.2d 749 (1998) (Sanders, J., dissenting). I concur with the majority that the claim against Rettenmeier must be dismissed based on *Reynolds v. Hicks*, 134 Wn.2d 491, 951 P.2d 761 (1998).