951 P.2d 761 (1998)
134 Wash.2d 491
Timmy R. REYNOLDS, JoDee Reynolds, and JoDee Reynolds as Guardian ad Litem for Matthew Reynolds, Andrew Reynolds, and Weslee Reynolds, Appellants,
v.
Steven J. HICKS, Dianne M. Hicks, Defendants,
Jamie Hicks and Anna Hicks, individually and the marital community composed of Jamie Hicks and Anna Hicks, Respondents, and
Does III through V, Defendants.
No. 64632-5.
Supreme Court of Washington, En Banc.
Argued November 20, 1996.
Decided February 26, 1998.
*762 James R. Ihnot, Kirkland, for Appellant.
Helsell, Fetterman, Martin, Todd & Hokanson, Patricia Anderson, Lish Whitson, Seattle, for Respondent.
Burgess, Fitzer, Leighton & Phillips, Timothy Gosselin, Tacoma, Amicus Curiae on Behalf of Washington Defense Trial Lawyers Association.
Bryan Harnetiaux, Debra Stephens, Spokane, Amicus Curiae on Behalf of Washington State Trial Lawyers Association.
MADSEN, Justice.
Plaintiffs appeal a trial court decision dismissing their personal injury action on summary judgment against the Defendants. At issue is whether the Defendant social hosts who furnished alcohol to a minor owe a duty of care to third persons injured by the intoxicated minor. We affirm the trial court's dismissal finding that the Defendant social hosts owed no duty to third persons injured by the intoxicated minor.

STATEMENT OF THE CASE
Jamie and Anna Hicks were married on September 10, 1988, at St. Bernadette Church in Seattle. Three hundred people attended the wedding, including Jamie Hicks' under-age nephew, Steven Hicks. The wedding was followed by a dinner reception where wine and champagne were served. After dinner, drinks were available at a hosted bar.
The facts concerning the hosted bar are not clear. Although Steven Hicks stated that he helped himself to drinks left unattended at an "open bar," Jamie and Anna Hicks claim that the bar was hosted at all times, that guests were not allowed to serve themselves, and that alcoholic and non-alcoholic beverages were served in different cups. Clerk's Papers (CP) at 80, 94-95. Steven Hicks admitted to consuming alcohol at the reception; however, other relatives, including his sister, Dianne Hicks, his aunt, Anne Dahl, and Jamie and Anna Hicks, all claimed that they did not see Steven drinking alcohol nor did he appear to be in an intoxicated state.
At approximately midnight, Steven Hicks left the reception in his sister Dianne's car. At 1:00 A.M. he was involved in an automobile accident with the Plaintiff, Timothy Reynolds. Both Steven Hicks and Timothy Reynolds registered blood alcohol levels of .17 percent. Timothy Reynolds suffered serious injuries as a result of the accident.
Plaintiff Timmy Reynolds, his wife JoDee, and children Matthew, Andrew, and Weslee originally sued Steven Hicks, his sister Dianne, and Does I through V[1] in October, 1990. In July, 1991, Plaintiffs filed an amended complaint listing Jamie and Anna Hicks as Defendants, alleging that they were "negligent in serving alcoholic beverages to Defendant [Steven] with knowledge and/or reason to believe that [he] was below the age of 21 years and/or became intoxicated." CP at 18D; CP at 76. Steven and Dianne settled with Plaintiffs and are not a party to this appeal.
*763 In December, 1993, Jamie and Anna Hicks filed a motion for summary judgment on two separate grounds. First, they sought a dismissal arguing that Washington law does not extend social host liability for furnishing alcohol to a minor to third persons injured by the intoxicated minor. Second, they stated that assuming Washington does extend social host liability to third persons, the minor in this case was not "obviously intoxicated" at the time he was served alcohol. CP at 532.
Judge James Bates of the King County Superior Court granted the Defendants' motion for summary judgment on the first issue, finding that the Defendant social hosts did not owe a duty to third parties injured by the intoxicated minor. Judge Bates reserved the second claim for consideration. Subsequently, Judge Richard D. Eadie entered an order granting Defendants' second motion and all claims were dismissed against Jamie and Anna Hicks. Plaintiffs appealed to the Court of Appeals. The Court of Appeals certified the case to this court and direct review was granted pursuant to RCW 2.06.030.

DISCUSSION
When reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court. See Mutual of Enumclaw Ins. Co. v. Jerome, 122 Wash.2d 157, 160, 856 P.2d 1095 (1993); Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See CR 56(c); Mutual of Enumclaw, 122 Wash.2d at 160, 856 P.2d 1095. The motion will be granted, after considering the evidence in the light most favorable to the nonmoving party, only if reasonable persons could reach but one conclusion. See Wilson, 98 Wash.2d at 437, 656 P.2d 1030.
In order to prove an actionable claim for negligence, the plaintiff must show (1) the existence of a duty to the complaining party, (2) a breach of that duty, (3) a resulting injury, and (4) that the breach was the proximate cause of the injury. See Hansen v. Friend, 118 Wash.2d 476, 479, 824 P.2d 483 (1992) (citing Pedroza v. Bryant, 101 Wash.2d 226, 228, 677 P.2d 166 (1984)).
The issue presented in this case is whether a social host who furnishes alcohol to a minor owes a duty of care to third persons injured by the intoxicated minor. Whether a defendant owes a duty of care to the complaining party is a question of law. See id. Washington courts have recognized that a legislative enactment may prescribe a standard of conduct required of a reasonable person. See Hansen, 118 Wash.2d at 479, 824 P.2d 483; Young v. Caravan Corp., 99 Wash.2d 655, 659, 663 P.2d 834, 672 P.2d 1267 (1983).
Plaintiffs contend that RCW 66.44.270 creates a duty of care owed by the Defendants to the Plaintiffs. RCW 66.44.270(1) makes it unlawful for any person to
give, or otherwise supply liquor to any person under the age of twenty-one years or permit any person under that age to consume liquor on his or her premises or on any premises under his or her control.
RCW 66.44.270(3) does not apply
to liquor given or permitted to be given to a person under the age of twenty-one years by a parent or guardian and consumed in the presence of the parent or guardian.
To determine whether a duty of care exists based on a statutory violation, this court has adopted the Restatement (Second) of Torts § 286 (1965), which, among other things, requires that the injured person be within the class of persons the statute was enacted to protect. See Restatement (Second) of Torts § 286 (1965);[2]Schooley v. Pinch's Deli Market, *764 Inc., 134 Wash.2d 468, 474-75, 951 P.2d 749, 752-753 (1997).
In Hansen, this court recognized that a minor who is injured as a result of alcohol intoxication has a cause of action against the social host who supplied the alcohol based on RCW 66.44.270. See Hansen, 118 Wash.2d at 485, 824 P.2d 483. Plaintiffs ask this court to extend the ruling of Hansen to allow a cause of action for third persons who are injured by an intoxicated minor against the social host. We find that such an expansion is not warranted by the statute or Washington case law.
In Hansen, Keith Hansen's mother sued her son's adult social host for furnishing alcohol to her son which resulted in his death. See id. at 478, 824 P.2d 483. The court found that RCW 66.44.270(1) created a duty upon the social host not to furnish alcohol to a minor. See id. at 482, 824 P.2d 483. Applying the Restatement test, the court observed that the statute prohibits persons from giving alcohol to a minor and since Hansen was a minor who was furnished alcohol, he fell within the statute's protected class. See id. at 481, 824 P.2d 483. The court in Hansen, however, did not indicate that the class protected by the statute encompassed third persons injured by the intoxicated minor. See id. The court stated that "RCW 66.44.270(1) protects a minor's health and safety interest from the minor's own inability to drink responsibly." Id. at 481, 824 P.2d 483 (emphasis added). The Hansen court, by its express language, created a limited cause of action for minors injured by their own intoxication against their social host.
Because of the inherent differences between social hosts and commercial vendors, we have indicated our reluctance to allow a cause of action against a social host to the same extent that we have recognized commercial vendor liability. We have explained:
There is good reason to withhold common law liability for social hosts even though such liability already exists for commercial and quasi-commercial hosts. Social hosts are not as capable of handling the responsibilities of monitoring their guests' alcohol consumption as are their commercial and quasi-commercial counterparts....
[T]he commercial proprietor has a proprietary interest and profit motive, and should be expected to exercise greater supervision than in the (non-commercial) social setting. Moreover, a person in the business of selling and serving alcohol is usually better organized to control patrons, and has the financial wherewithal to do so....
Additionally, the implications of social host liability are so much more wide sweeping and unpredictable in nature than are the implications of commercial host liability. While liability for commercial providers affects only a narrow slice of our populations, social host liability would touch most adults in the state on a frequent basis. Because social hosts are generally unaccustomed to the pressures involved in taking responsibility for the intoxication of their guests, we cannot predict how well social hosts would respond when the scope of their duties would be so ill defined.
Burkhart v. Harrod, 110 Wash.2d 381, 386-87, 755 P.2d 759 (1988).
Because of these important concerns, this court does not recognize a cause of action in negligence for a third person injured by an intoxicated adult against the social host that served the person while in an obviously intoxicated state, see Burkhart, 110 Wash.2d 381, 755 P.2d 759, but does recognize a cause of action against a commercial vendor in the same situation, see Dickinson v. Edwards, 105 Wash.2d 457, 716 P.2d 814 (1986). This case dramatically highlights the concerns expressed above. To expect Jamie and Anna Hicks, on their wedding day, to monitor their minor guests alcohol consumption in the same manner as we expect of an alcohol vendor is unrealistic and has far reaching social implications.
Recognizing an expanded duty to protect third persons raises problematic questions for social hosts in all contexts. Is the host required to card persons at social and family gatherings? Must the host hire a bartender to control and monitor the alcohol in the *765 home so that a minor cannot obtain alcohol at a party? Must the host assure that a minor has not brought outside alcohol to the gathering? Must the host obtain a breathalyzer to check all minor guests before leaving the premises? The differences between the ability of commercial vendors and social hosts in regulating the consumption of alcohol along with the far reaching implications of social host liability are persuasive reasons for not expanding liability in this case. As Justice Dolliver noted in his dissent in Hansen, the "`judiciary is ill equipped' to impose social host liability." Hansen, 118 Wash.2d at 486, 824 P.2d 483 (quoting Burkhart, 110 Wash.2d at 388, 755 P.2d 759).
We also note that other courts have found that significant differences between social hosts and commercial vendors support different treatment. The Court of Appeals has held that a third person injured by an intoxicated minor does not have a cause of action against the social host who furnished the alcohol or allowed the consumption of the alcohol on his or her premises. See Hostetler v. Ward, 41 Wash.App. 343, 704 P.2d 1193 (1985). The court applied the Restatement test and found that RCW 66.44.270 was designed "to protect minors from injuries resulting from their abuse of alcoholic beverages, not to protect third parties injured by intoxicated minors." Id. at 354, 704 P.2d 1193. The court explained that RCW 66.44.270 does not make it unlawful for the minor's parent or guardian to give alcohol to the minor if consumed in the presence of the parent or guardian. See id. This exception, the court stated, indicates that the statute was not designed for the protection of third persons. See id. Thus, the court concluded that the injured third person was not a member of the class of persons RCW 66.44.270 was designed to protect. See id.
The Court of Appeals in Mills v. Estate of Schwartz, 44 Wash.App. 578, 584-85, 722 P.2d 1363 (1986), agreed with the Hostetler court, finding that RCW 66.44.270 does not protect third persons injured by intoxicated minors. Rather, the court found that the statute protects minors from their own injuries as a result of their intoxication. See id. at 584, 722 P.2d 1363. The Mills court also reasoned that the Legislature, by allowing minors to drink alcohol if furnished by the minor's parent, did not intend to protect third persons. See id. at 585, 722 P.2d 1363.
We agree with the Court of Appeals that the exceptions to liability in RCW 66.44.270 lend weight to the argument that the statute was not enacted to protect third persons. As the Court of Appeals explained, RCW 66.44.270 does not make it unlawful for liquor to be given or permitted to be given to a minor by a parent or guardian as long as the alcohol is consumed in the presence of the parent or guardian. See RCW 66.44.270(3). The statute also provides exceptions for alcohol given for medical purposes and for religious services. See RCW 66.44.270(4), (5). Because the statute allows a parent or guardian to legally give alcohol to a minor who may then injure a third person it is apparent that the statute was not enacted to protect third persons injured by intoxicated minors.[3] Additionally, expanding the protected class would lead to an illogical result whereby a person who did not violate RCW 66.44.270 would then be liable in negligence pursuant to the same statute.
Plaintiffs argue that the decisions of the Court of Appeals are of limited authority because they were decided before our rulings in Hansen and Purchase v. Meyer, 108 Wash.2d 220, 737 P.2d 661 (1987). We disagree. Our ruling in Hansen, as stated above, allowed a limited cause of action for a minor to recover for his or her alcohol related injuries. Hansen is consistent with the rulings of the Court of Appeals which indicate that although RCW 66.44.270 does not protect third persons, it does protect minors *766 from injuries to themselves as a result of their alcohol consumption.
In Purchase, we held that a third person injured by an intoxicated minor has a cause of action in negligence against the commercial vendor who sold the alcohol to the minor in violation of RCW 66.44.320.[4]See Purchase, 108 Wash.2d at 228, 737 P.2d 661. Previously, this court in Young found that an intoxicated minor purchaser has a cause of action against the commercial vendor for his or her alcohol related injuries. See Young, 99 Wash.2d at 660, 663 P.2d 834. The court in Purchase expanded the protected class of the statute to include, not only the minor purchaser, but also third persons injured by the intoxicated minor purchaser. Purchase, 108 Wash.2d at 228, 737 P.2d 661. Plaintiffs argue that our ruling in Purchase requires that the protected class of RCW 66.44.270 also be expanded to included third persons injured by an intoxicated minor.
Our ruling in Purchase, however, involved liability for a commercial vendor not a social host. The statute prohibiting commercial vendors from selling alcohol to minors does not provide for exceptions, whereas the prohibition against furnishing alcohol to minors does.
In addition to the exceptions to liability under RCW 66.44.270, the Legislature has given other indications of its intent to treat social hosts differently than commercial vendors. RCW 66.20.210 provides the commercial vendor with a way to immunize itself from civil liability for alcohol-related injuries resulting from the sale of alcohol to a minor.[5] In this way the Legislature has evinced an intent to hold commercial vendors liable. There is, however, no reference to such a protection for social hosts. It follows that the Legislature did not intend social hosts to be liable to the extent of commercial vendors. Thus, we find that Jamie and Anna Hicks did not owe a duty to Mr. Reynolds in this case.

ATTORNEYS FEES
Defendants argue that they are entitled to reasonable attorneys fees as the prevailing party pursuant to RCW 4.84.250 and costs pursuant to CR 68. Attorneys fees under RCW 4.84.250 are to be awarded to the prevailing party if the pleading party sought damages, exclusive of costs, of $10,000 or less. See RCW 4.84.250. The defendant is considered the "prevailing party" for purposes of RCW 4.84.250 if the plaintiff recovers either nothing or a sum not exceeding that offered by the defendant in settlement. See RCW 4.84.270. The intent of the statute is to enable a party to pursue a meritorious small claim of $10,000 or less without seeing the award diminished in whole or in part by legal fees. See Klein v. City of Seattle, 41 Wash.App. 636, 640, 705 P.2d 806 (1985); Northside Auto Serv., Inc. v. Consumers United Ins. Co., 25 Wash.App. 486, 492, 607 P.2d 890 (1980).
In this case the Plaintiffs did not seek an award of $10,000 or less. No specific amount was pleaded in the complaint; rather, the amount was set to be proven at trial. Thus, the Plaintiffs did not limit their award and based on their claim for damages and relief could have received well above $10,000 in damages.[6] Consequently, Defendants are not entitled to reasonable attorneys fees pursuant to RCW 4.84.250.
Defendants also ask for costs based on CR 68. Costs under CR 68, however, are awarded when a judgment finally obtained is *767 not more favorable than an offer, and, in this case the record does not reflect that any settlement offer was made. Thus, Defendants are not entitled to costs pursuant to CR 68.

CONCLUSION
In conclusion, we decline to extend social host liability to third persons injured by intoxicated minors. We have long recognized that social hosts are ill-equipped to handle the responsibilities of their guests' alcohol consumption, unlike commercial vendors who are in the business of serving and selling alcohol. Thus, we have not allowed a cause of action against social hosts to the extent that we have recognized commercial vendor liability. Washington courts have also recognized that RCW 66.44.270 does not protect third persons injured by an intoxicated minor but, rather, protects minors from their own injuries as a result of their intoxication. We agree and affirm the trial court's dismissal of the Plaintiff's cause of action.
GUY and ALEXANDER, JJ., concur.
DURHAM, Chief Justice, concurring.
I agree with the majority that the Defendants, as social host, should not be liable for injuries to third parties caused by an intoxicated minor guest. I am not persuaded, however, by the majority's suggestion that the parental exception to the otherwise criminal prohibition against furnishing alcohol to minors somehow indicates that third parties are not within the statutory protected class. Instead, I would hold that the Defendants are not liable for the reasons expressed in the dissent in Hansen v. Friend, 118 Wash.2d 476, 486-87, 824 P.2d 483 (1992) (Dolliver, J., dissenting).
DOLLIVER and SANDERS, JJ., concur.
JOHNSON, Justice, dissenting.
The majority holds a social host who furnishes alcohol to a minor, in violation of a criminal statute, does not owe a duty of care to third persons injured by that intoxicated minor. I disagree with the majority's shielding from possible civil liability persons who commit a criminal act. I also disagree with the majority's analysis, which confuses the issues of duty and ultimate liability. For these reasons, I respectfully dissent.
This court has clearly recognized where the Legislature has made it a criminal offense to furnish alcohol to a minor, that minor has a civil cause of action. Hansen v. Friend, 118 Wash.2d 476, 480, 824 P.2d 483 (1992). This court has also clearly recognized where the Legislature has made it a criminal offense to sell alcohol to a minor, third parties foreseeably injured by that minor have a civil cause of action. Purchase v. Meyer, 108 Wash.2d 220, 228, 737 P.2d 661 (1987). The majority draws an insupportable distinction between social hosts and commercial vendors by ignoring that both are committing criminal acts when they furnish alcohol to a minor. The majority declines to recognize that a party injured by an underage drunk driver has a civil cause of action against the social host who furnished alcohol to that minor.
The Legislature, in criminalizing the act of furnishing or selling alcohol to a minor, has declared that act as the point on which to focus in the causal chain of underage drunk driving. The Legislature has directed us to view the point at which a minor is furnished or sold alcohol as the significant event from which consequences flow. If the minor never obtains the alcohol, the causal chain is stopped.
The majority, however, leaves us with the rule that a person commits a crime by furnishing alcohol to a minor, and yet avoids all civil liability for the consequences of that same act. This contradicts common sense. The Legislature has established the public policy of criminalizing the furnishing of alcohol to a minor. The majority ignores this established policy and replaces it with its own version of policy, based on the fact that "an expanded duty to protect third persons raises problematic questions for social hosts in all contexts." Majority at 764. The list of concerns for social host expressed by the majority places more emphasis on the possible difficulties posed for social hosts than on a potential remedy for victims of underage drunk driving. However, it is the social hosts that are in the best position to know the ages of the guest they are serving and to *768 regulate their own conduct so as to avoid committing a crime. Should social hosts have to "card" guests before serving them alcohol? Yes, if that's what it takes. Social hosts already have a responsibility to avoid criminal conduct. Nothing changes regarding the actions necessary to meet this responsibility upon imposition of a duty of care.
Under the majority, we are also left with the strained result of different standards for commercial vendors than for social hosts who furnish alcohol to minors. A vendor owes a duty to third parties, whereas a social host does not. The majority justifies this result based on the parental/guardian exception to criminal liability for furnishing alcohol to minors, explaining the differences between vendors and social hosts, and relying on policy concerns expressed by this court in Burkhart v. Harrod, 110 Wash.2d 381, 386-87, 755 P.2d 759 (1988). I find no justification exists for applying different standards to vendors than to social hosts who furnish alcohol to minors. Both commit crimes. In Burkhart, we held a social host who serves an obviously intoxicated adult does not owe a duty to third parties injured by the intoxicated adult Burkhart, 110 Wash.2d at 386-87, 755 P.2d 759. The policy concerns expressed in Burkhart do not apply to a social host liability in the context of an intoxicated minor. And since Burkhart, this court has recognized social host liability. We did so in Hansen, 118 Wash.2d 476, 824 P.2d 483. Victims suffer no less at the hands of an intoxicated minor served by a vendor than at the hands of those served by a social host. The source of the alcohol should not dictate whether a remedy is available.
The majority also creates the strained result of different civil liability for the person committing the crime of furnishing alcohol to a minor, depending on whether the minor or an innocent bystander is consequently injured. The majority reaches its conclusion, in part, by stating Hansen did not extend social host liability to injured third parties, but rather created a limited cause of action for injured, intoxicated minors against the social host who furnished them alcohol. Majority at 764. However, the express holding of Hansen is that under RCW 66.44.270(1), a duty of care is imposed on social hosts who serve alcohol to a minor. Hansen, 118 Wash.2d at 482, 824 P.2d 483. The Hansen court further held social hosts liable in negligence when the minor sustains injury proximately caused by a breach of this duty. Hansen, 118 Wash.2d at 482, 824 P.2d 483. Although Hansen did not create a cause of action for third parties, this court recognized such an action was allowed, based on the statute criminalizing furnishing alcohol to a minor. To suggest, as the majority does, that Hansen itself somehow restricted the duties of care this court would recognize in this area is incorrect. The Hansen court properly limited its holdings to the facts at hand; the court could not have extended a duty to third parties because the facts did not permit such an extension.
Previous cases indicate injured third parties are members of the class protected under RCW 66.44.270.[1] In Estate of Kelly v. Falin, 127 Wash.2d 31, 896 P.2d 1245 (1995), we based our decision on RCW 66.08.010, which states: "This entire title shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose." Kelly, 127 Wash.2d at 39, 896 P.2d 1245. We applied this purpose to RCW 66.44.200 and found the Legislature did not intend to protect the adult *769 drunk driver because "[u]nlike an innocent bystander hit by a drunk driver or a youth whose sense of immortality leads to reckless abandon, the responsibility for self-inflicted injuries lies with the intoxicated adult." Kelly, 127 Wash.2d at 39-40, 896 P.2d 1245. Kelly implicitly recognized the Washington State Liquor Act protects third parties from injury.
Purchase held an injured third party has a negligence per se claim against a vendor who sells alcohol to a minor. Purchase, 108 Wash.2d at 228, 737 P.2d 661. In reaching this decision, we found RCW 66.44.320, which proscribes selling alcohol to a minor, imposes a duty owed not to minors alone, but to members of the general public as well. Purchase, 108 Wash.2d at 228, 737 P.2d 661. We thus recognize that members of the general public, or injured third parties, were members of the protected class.
The majority bolsters its conclusion that RCW 66.44.270 was not designed to protect third parties by highlighting the exception contained in the statute. Because this exception allows the minor's parent or guardian to give alcohol to a minor if the alcohol is consumed in the presence of the parent or guardian, the majority reasons, it is apparent the statute was not enacted to protect third parties injured by intoxicated minors. Majority at 765. Although this creates an interesting discussion, it has little or nothing to do with the facts and issues in this case. The issue of parental liability is not before us.
The majority also confuses the issues of duty and ultimate liability. If the Hicks owe a duty to Reynolds not to serve alcohol to Steven, a minor, the inquiry regarding liability does not end there, as the majority seems to fear. Whether a party owes a duty to the plaintiff is a question of law. Hansen, 118 Wash.2d at 479, 824 P.2d 483. However, the concept of foreseeability determines the scope of the duty owed, and foreseeability is an issue for the trier of fact. Hansen, 118 Wash.2d at 483, 824 P.2d 483. To establish foreseeability, "the harm sustained must be reasonably perceived as being with the general field of danger covered by the specific duty owed by the defendant." Christen v. Lee, 113 Wash.2d 479, 780 P.2d 1307 (1989) (quoting Maltman v. Sauer, 84 Wash.2d 975, 981, 530 P.2d 254 (1975)). Ultimate liability also cannot be found without affirmative findings regarding the remaining three elements of negligence, namely breach of the duty, resulting injury, and proximate cause. Hansen, 118 Wash.2d at 485, 824 P.2d 483. Thus, once a duty is owed, the well established principles of negligence limit and shape the possibility and scope of any recovery.
The majority, however, prefers to prohibit any cause of action as a matter of law, rather than allowing these principles to dictate the remedies available to third parties injured by underage drunk drivers. A breach of duty not to furnish alcohol to a minor would not constitute negligence per se, but would be considered as evidence of negligence. RCW 5.40.050. In expressing its concerns regarding what conduct may be required of a social host, the majority appears to assume that if social hosts had a duty not to furnish alcohol to a minor, social hosts would automatically be liable for any injuries sustained by third parties at the hands of an intoxicated minor. The majority quotes Burkhart: "Because social hosts are generally unaccustomed to the pressures involved in taking responsibility for the intoxication of their guests, we cannot predict how well social hosts would respond when the scope of their duties would be so ill defined." Majority at 764 (quoting Burkhart, 110 Wash.2d at 387, 755 P.2d 759). On the contrary, the scope of a duty in this situation would not be ill defined. Liability, on the other hand, would rest on the facts of each case, as it should.
Under RCW 66.44.270, it is a criminal act for any person, including a social host, to furnish liquor to a minor. This statute establishes that a social host owes a duty of reasonable care not to furnish alcohol to a minor. A third party injured by an intoxicated minor should be able to maintain an action against the social host when this duty is breached and the injuries are proximately caused by the breach.
For the above reasons, I dissent.
SMITH and TALMADGE, JJ., concur.
NOTES
[1] Does I through V are unknown corporations or entities that were allegedly negligent in serving alcoholic beverages to Steven Hicks.
[2] Restatement (Second) of Torts § 286 (1965) provides:

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
"(a) to protect a class of persons which includes the one whose interest is invaded, and
"(b) to protect the particular interest which is invaded, and
"(c) to protect that interest against the kind of harm which has resulted, and
"(d) to protect that interest against the particular hazard from which the harm results."
[3] The Oregon Supreme Court, when interpreting a similar statute that made it unlawful for any person other than a minor's parent or guardian to give alcohol to a minor, held that the statute was intended to protect minors, not third persons, from injury. See Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity, 258 Or. 632, 638, 485 P.2d 18, 53 A.L.R.3d 1276 (1971). The court explained that because the terms of the statute allow liquor to be legally given by parents or guardians to minors who may then become intoxicated and injure third persons, it is difficult to justify a holding that the purpose of the statute was to protect third persons from injury by intoxicated minors. See Davis v. Billy's Con-Teena, Inc., 284 Or. 351, 356, 587 P.2d 75 (1978).
[4] RCW 66.44.320 provides:

"Every person who shall sell any intoxicating liquor to any minor shall be guilty of a violation of Title 66 RCW."
[5] If, after a purchaser presents identification, the vendor still has doubts about the purchaser's age the vendor can fill out and have the purchaser sign a certification card complying with RCW 66.20.190. If the vendor completes this step the vendor is immune from any criminal or civil liability regarding the sale of alcohol to the minor. RCW 66.20.210.
[6] Timothy Reynolds sought damages for physical and mental injuries he sustained as a result of the accident and other damages to be proven at trial. See CP at 18 D-F. Jodee Reynolds sought damages for personal injuries she sustained as a result of the accident and for loss of assistance and affection of her husband. See CP at 18 D-F. Also the children of Mr. Reynolds sought damages for their loss of companionship and future financial and emotional support of their father. See CP at 18 D-F.
[1] Washington courts have adopted the test from the Restatement (Second) of Torts § 286 (1965) to determine when a statute may be adopted as a reasonable person's standard of conduct. The Restatement provides:

"The court may adopt as the standard of conduct of a reasonable [person] the requirements of a legislature enactment ... whose purpose is found to be exclusively or in part
"(a) to protect a class of persons which includes the one whose interest is invaded, and
"(b) to protect the particular interest which is invaded, and
"(c) to protect that interest against the kind of harm which has resulted, and
"(d) to protect that interest against the particular hazard from which the harm results." At issue in this case is whether Reynolds is within the class of persons the statute was designed to protect.