STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant*, v. WILLIAM B. ERICKSON *et al.*, *Respondents*.

· *J. A. Vanderstoep* (of *Murray, Armstrong & Vanderstoep*), for appellant.

*Duane Lansverk* (of *Landerholm, Memovich, Lansverk, Whitesides, Marsh, Morse & Wilkinson*), for respondents Erickson.

*John Skimas*, for respondents Kurpiewski.

*William N. Church* (of *Read & Church*), for respondent Frio.

ARMSTRONG, J.—This is a declaratory judgment action instituted by the liability carrier (State Farm) against its insured (Ericksons) and against an automobile driver (Mrs. Frio) and her guest passenger (Mrs. Kurpiewski),

who were injured as a result of the insured's negligence. The liability carrier contends that its policy does not cover the loss because of late reporting of the accident by the insured. The trial court concluded that there was no policy violation and the liability insurance policy covers the accident in question. The liability carrier appeals from a dismissal of its complaint.

The first issue raised by this appeal is whether the insured Ericksons, acting as reasonably prudent persons, could have concluded that they were not involved in the accident and therefore there was no duty to report the accident until they were advised that a claim was made against them. The trial court held that the Ericksons acted in a reasonably prudent manner in concluding that they were not involved in the accident. We find that there was substantial evidence to support the conclusion of the trial court.

The second issue is whether the trial court's conclusion that the insured acted in a reasonably prudent manner in concluding they were not involved in the accident on the basis of the facts known to them before they were advised of the claim against them, is inconsistent with the same judge's prior finding that they were negligent as a matter of law in the damage action in which Mrs. Frio obtained a verdict against them. We find no inconsistency because the court's action in the damage case was based upon all of the evidence presented at the trial and not solely upon what was known to the insured before the claim was made against them.

In its assignments of error, State Farm has challenged portions of finding 4 and finding 5. The findings of fact clearly and concisely set forth most of the facts necessary for a determination of this appeal. We are therefore setting forth relevant portions of the findings and italicizing the portions to which error was assigned. The following are the relevant portions of the trial court's findings of fact:

1. St. James Street is a wide, two-lane, one-way street in Clark County, Washington, running in a southerly

direction. Just North of Vancouver, Cherry Road intersects St. James Street from the East in a T type intersection.

2. On June 9, 1967 defendant William B. Erickson was driving his car in a southerly direction in the right-hand lane of St. James Street. His wife and two small children were accompanying him. Mr. Erickson started to make a left turn into Cherry Road from the right-hand lane. At that time a car operated by the defendant Philomena S. Frio (in which the defendant Therese B. Kurpiewski was riding as a passenger) was overtaking the Erickson car in the left-hand lane. Mrs. Erickson saw the Frio car and yelled a warning to her husband at the same instant he saw the Frio car. At that time the Frio car was about ten feet behind the Erickson car, and Mr. Erickson estimated its speed at 25 miles per hour. Mr. Erickson immediately turned back to the right-hand lane. Both Mr. and Mrs. Erickson believed then and now that their car did not turn over the center line into the left-hand lane more than a foot. Mr. Erickson believed then and now that the Frio car could have continued in a straight line with no danger to either car. There was no contact between the Erickson car and the Frio car.

3. The Frio car swerved left to avoid the Erickson car at the intersection of St. James Street and Cherry Road and collided with a wall. Both Mrs. Frio and Mrs. Kurpiewski were injured.

4. Mrs. Erickson witnessed the collision of the Frio car with the wall. Mr. Erickson stopped and went back to the scene to see if he could render any assistance. The Ericksons stayed at the scene for about 30 minutes. While at the scene no one told Mr. Erickson that he was in any way responsible for the collision of the Frio car with the wall. *At the time the Ericksons left the scene, they did not know what had caused the Frio car to collide with the wall. From June 9, 1967 through December 12, 1967 the Ericksons believed they were not involved in the collision of the Frio car with the wall other than as witnesses; Mr. Erickson did not believe his conduct could have caused Mrs. Frio's car to collide with the wall.*

5. On June 9, 1967, the plaintiff insured the defendants Erickson under an automobile liability policy No. 1138 265-FO8-47 which provides in part as follows:

In the event of an accident, occurrence, or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.

No action shall lie against the company unless as a condition precedent thereto there shall have been full compliance with all terms of this policy.

6. On the evening of December 12, 1967, Gifford Thorpe, an adjuster from the Hartford Insurance Company, called on the Ericksons at their home. Hartford insured the Frio car. Mr. Thorpe told the Ericksons that Mrs. Frio blamed them for the collision of the Frio car with the wall. *This was the first knowledge the Ericksons had that someone might make a claim against them as a result of the incident on June 9, 1967.* [Italics indicate assignments of error.]

7. The next morning, December 13, 1967, Mr. Erickson reported the incident and Mr. Thorpe's visit to his insurance company agent, who sent him to the State Farm Mutual Automobile Insurance Company's claim office where he talked to Mr. Bill Fletcher. . . . Thereafter, plaintiff further investigated the incident under a reservation of rights. Plaintiff was able to locate and talk to all witnesses known to any of the parties involved in this accident. . . .

7a. The Clark County Sheriff's office attempted to locate the driver of the Erickson vehicle but was unable to do so because it had an erroneous license number.

8. In September, 1968, Mrs. Frio brought an action against the defendants Erickson for her injuries and damages arising out of the incident on June 9, 1967. After a jury trial she obtained a judgment against the defendants Erickson in the sum of $3,511.65 plus taxable court costs.

9. More than a year after the incident was reported to plaintiff Mr. and Mrs. Kurpiewski brought an action against the defendants Erickson; that action is currently pending in Clark County Superior Court.

10. The only policy defense asserted by plaintiff against the defendants is plaintiff's claim that the Ericksons failed to give notice to the plaintiff "as soon as practicable."

■■ Turning now to the applicable law, we find that

numerous cases underscore the rule that an insured may, under a proper showing of circumstances, be excused for a delay or failure to notify the insurer of an accident or occurrence. As in the instant case, where the terms of the policy require that notice be given "as soon as practicable" our court has construed this to mean as soon as can reasonably be expected under the circumstances. *Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.*, 50 Wn.2d 443, 313 P.2d 347 (1957). What is reasonable must be measured by what a reasonably prudent man would believe in like circumstances. *Larson v. New Jersey Fid. & Plate Glass Ins. Co.*, 167 Wash. 86, 8 P.2d 985 (1932); *Young v. Travelers Ins. Co.*, 119 F.2d 877 (5th Cir. 1941); 8 Blashfield, Automobile Law & Practice § 342.5 (3d ed. 1966).

As the court held in *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), and many times since, even though we might have found the facts differently if we had been the trier of the facts, we cannot substitute our judgment for that of the trial court where there is substantial evidence to support its findings.

Looking at the evidence in this case, we find that the judge could have found either way on the difficult decision of whether the Ericksons acted as reasonably prudent persons in concluding that they were not involved in Mrs. Frio's collision with the wall. This decision is made more difficult by the fact that the trial court and this court look upon the facts through the eyes of lawyers of long experience. The evidence, however, must be construed in the light of what a reasonably prudent layman, with the insured's background and experience, would believe about his involvement in the collision. We must also limit our reasonably prudent man test to the facts known to the Ericksons before Mrs. Frio's adjuster called upon them 6 months after the incident.

The following facts are undisputed. The Erickson's automobile went across the line about a foot and was then immediately returned to the right lane. There was no contact between the automobiles. The Ericksons believed at all

times that the Frio car could have continued in a straight line with no danger to either car. When the Ericksons saw Mrs. Frio's automobile crash into the wall, Mr. Erickson stopped the car to see if he could be of assistance. He remained at the scene for half an hour and no one said anything to him. A deputy sheriff motioned for him to move on.

State Farm strongly relies upon a clipping Mrs. Erickson cut out of the newspaper and pasted in her scrapbook.[1] She explained that it was the first accident she and her husband had witnessed. In answer to the question on cross-examination, "did you think you were the ones that left the scene that was referred to here?" she said, "Probably so." There was other testimony elicited on cross-examination which could have justified the trial court in holding that the Ericksons did not act as reasonably prudent persons in believing that they were not involved in the accident in question, but we cannot say that that testimony negatived the facts and inferences from the facts relied upon by the trial court. We conclude that there was substantial evidence to justify the determination of the trial court.

State Farm further argues that the court applied the reasonably prudent man test in an objective manner in the trial of the damage case and in a subjective manner in the declaratory judgment action. State Farm contends that the trial court's determination that the Ericksons were negligent as a matter of law in the damage action was inconsistent with its determination 20 days later that defendants, acting as reasonably prudent persons, reasonably believed

---

[1] The newspaper clipping stated: "A deputy reported a Friday evening accident in which the driver was identified as Philomena S. Frio, 53, 2515 E. Twenty-eighth St. She and a passenger, Therese S. Kurpiewski, age not listed, 4600 N.E. Thirty-ninth St., were said to have been injured. The extent of their injuries and their treatment was not reported.

"The accident report indicated that the woman was driving on N.E. St. James Road when another car came out in front of her. She told the deputy that she swerved to avoid a collision and hit a concrete retaining wall on the southeast corner of N.E. Cherry Lane and St. James. The other vehicle reportedly left the scene."

Mr. Erickson's conduct did not cause Mrs. Frio's car to collide with the wall and therefore there was no duty to report the incident. We cannot agree.

At the trial of the damage action the court had before it the testimony of all of the witnesses and a complete analysis of all of the law and operative facts. As a result of this hindsight knowledge the trial court was able to determine that the Ericksons were negligent as a matter of law. The question of Mrs. Frio's contributory negligence was submitted to the jury.

In the declaratory judgment action the trial court correctly applied the reasonably prudent man test to the facts known to the Ericksons before Mrs. Frio's insurance adjuster called upon them and they learned that a claim was being made against them. This necessarily follows because reasonably prudent people act upon the basis of what is known to them.

We conclude that where no reasonable ground appears for a belief that a claim for damages against the insured driver may be expected to arise from a traffic incident, he is not required to notify the company until subsequent facts would suggest to a person of ordinary and reasonable prudence that a claim for damages may arise as a result of such incident.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied November 29, 1971.