IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THOMAS FLANIGAN, | ) | No. 39295-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LLOYD A. HERMAN, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, A.C.J. — Thomas Flanigan appeals the summary judgment dismissal of his legal malpractice and breach of fiduciary duty claims against his former attorney, Lloyd Herman. We affirm.

## FACTS

On January 29, 2016, Thomas Flanigan, Kathryn DePriest, and Patrick McDermott, as lessees, signed a five-year lease agreement for a retail cannabis store with Jerry McNairy, as lessor. The agreement gave the lessees an option to terminate the lease prior to April 16, 2016, by providing lessor with written notice of their failure to obtain a license to operate a retail marijuana store at the leased premises. The lessees were unable

to obtain the required license. McDermott, the individual responsible for running the store and for sending notices, failed to timely provide McNairy the written notice.

On June 8, 2016, McNairy brought suit for breach of lease. McDermott recommended attorney Lloyd Herman, and the former business partners hired him based on that recommendation.

The three met with Herman at the initial consultations and told Herman that Flanigan was the only one of the three who had the ability to fund a defense or pay a settlement. This was the only time Flanigan met with Herman. At this meeting, Herman told the three he might be able to dismiss the case on summary judgment. The motion was not successful, and Herman later represented the former business partners in a mediation, which also, was not successful.[1]

On November 21, 2017, Herman filed with the court and mailed to the parties his notice of intent to withdraw. The notice stated that withdrawal would be effective December 8, 2017. It further stated that withdrawal would be effective without court

---

[1] The parties dispute why the mediation was not successful. Herman, McDermott, and DePriest claim that Flanigan agreed to attend the mediation, but on the morning of mediation, told McDermott he would not attend, and then failed to respond to their repeated phone calls. The three blame Flanigan's refusal to participate for the failed mediation, given that he, alone, could fund a settlement. Flanigan claims he never was told of the mediation. This factual dispute is immaterial to our decision.

order unless, before that time, an objection was served on him.

Flanigan signed a declaration dated December 8, 2017, allowing Herman to withdraw. In that declaration, Flanigan struck the language stating he had received Herman's notice of intent to withdraw. McNairy was the only litigant who objected to Herman's withdrawal.

On December 19, 2017, the trial court entered an order allowing Herman to withdraw. In the order, the court directed Herman to mail a copy of the case scheduling order to each of his former clients.

Herman mailed the case scheduling order to Flanigan, in care of Windermere Property Management in Spokane.[2] Flanigan did not receive the case scheduling order. Had he received the scheduling order, Flanigan would have known that the trial was set to begin March 26, 2018.

Prior to trial, McDermott and DePriest settled with McNairy.[3] Flanigan did not appear at the March 26, 2018 trial. The court heard testimony and entered judgment

---

[2] There is a question of fact whether this was an appropriate mailing address for Flanigan. Flanigan asserts his mailing address was 702 E. Golden Road, in Spokane. There is no evidence he told Herman this.

[3] The record does not reflect how much (or little) each paid to settle.

against Flanigan in the amount of $115,883.20. Flanigan later learned of the judgment and settled with McNairy for $47,000.00.

Flanigan then brought suit against Herman for legal malpractice and breach of fiduciary duty, requesting substantial damages and disgorgement of Herman's attorney fees. His claim for damages included the $47,000 he paid McNairy, and damages resulting from entry of the judgment—including damages to his credit, reputation, and ability to secure financing for his significant real estate investments.

Herman moved for summary judgment dismissal of Flanigan's claims. Among other arguments, Herman argued that his purported malpractice and breach of fiduciary duty did not proximately cause Flanigan's damages. The trial court granted Herman's motion and dismissed Flanigan's claims.

Flanigan appeals.

ANALYSIS

Flanigan argues the trial court erred in dismissing his claims on summary judgment because proximate cause, an element of both of his claims, should have been decided by a trier of fact. We disagree.

*Standard of review*

"We review an order granting summary judgment de novo." *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 287, 481 P.3d 1084 (2021). "Summary judgment is appropriate where there is no genuine issue as to any material fact, so the moving party is entitled to judgment as a matter of law." *Id.* "We view the facts and reasonable inferences in the light most favorable to the nonmoving party." *Id.*

Summary judgment is proper if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "An order granting summary judgment may be affirmed on any legal basis supported by the record." *Martinez-Cuevas v. DeRuyter Bros. Dairy*, 196 Wn.2d 506, 514, 475 P.3d 164 (2020).

*Proximate cause*

Proximate cause is an element both of a legal malpractice claim and a breach of fiduciary duty claim. *See Piris v. Kitching*, 185 Wn.2d 856, 861, 375 P.3d 627 (2016) (legal malpractice); *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002) (breach of fiduciary duty). In *N.L. v. Bethel School District*, 186 Wn.2d 422, 436-47, 378 P.2d 162 (2016), our Supreme Court

explained how courts must analyze proximate cause in the context of a summary

judgment motion:

> Proximate cause has two elements: cause in fact and legal cause. "Cause in fact refers to the 'but for' consequences of an act—the physical connection between an act and an injury." It is normally a question for the jury. Legal cause "is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." "In deciding whether a defendant's breach of duty is too removed or insubstantial to trigger liability as a matter of legal cause, we evaluate mixed considerations of logic, common sense, justice, policy, and precedent." "[W]here the facts are not in dispute, legal causation is for the court to decide as a matter of law."

(alteration in original) (citations and internal quotation marks omitted) (quoting *Hartley v.*

*State*, 103 Wn.2d 768, 778, 698 P.2d 77 (1985); *Crowe v. Gaston*, 134 Wn.2d 509, 518,

951 P.2d 1118 (1998); *Lowman v. Wilbur*, 178 Wn.2d 165, 169, 309 P.3d 387 (2013);

*Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 478, 951 P.2d 749 (1998)).

The undisputed evidence is that Flanigan is a sophisticated businessman. He has

been an area manager and mortgage banker for nearly three decades. He is an owner of

Windermere Property Management, and personally owns and invests in properties and

rentals—typically purchasing two or three homes per year as investments. In early

December 2017, Flanigan knew he would be the primary person responsible for paying

McNairy's damages, and he knew Herman was withdrawing as his attorney. But he did

not know of the March 26, 2018 trial date.

The remoteness between the negligent act and the injury can be dispositive of the question of legal causation. *Tae Kim v. Budget Rent A Car Sys., Inc.*, 143 Wn.2d 190, 205, 15 P.3d 1283 (2001). There, defendant rental car company had left keys in a rental car, a thief stole the car, "went home, went to sleep, and became intoxicated before criminally causing the accident injuring plaintiff the day after the theft." *Id.* On these facts, the Supreme Court affirmed summary judgment dismissal of the plaintiff's negligence claim due to a lack of proximate cause. *Id.* at 206.

Here, logic, common sense, and justice support our conclusion that Herman's failure to provide Flanigan the case scheduling order should not result in Herman's liability for Flanigan's damages. Flanigan authorized Herman's withdrawal, knew he would be paying for most of McNairy's damages, and had several weeks to protect his financial interests—either by calling Herman or his former business partners to inquire of the status of the litigation, or by simply hiring his own attorney. Yet Flanigan, a sophisticated businessman, did nothing. On these facts, we conclude that summary judgment dismissal of Flanigan's legal malpractice and fiduciary duty claims was proper due to a lack of proximate cause.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____          _____
Staab, J.                                                      Cooney, J.